Justin W. Wayment (7011)
Christian Jones (15873)
WAYMENT & JONES LAW
Attorneys for Plaintiff
51 East 400 North #1
P.O. Box 1808
Cedar City, UT 84721-1808
Telephone: (435) 586-3300
Fax: (435) 586-4288
Email: jwayment@waymentandjoneslaw.com
Email: cjones@waymentandjoneslaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **In Re:**<br>**WILLIAM RYAN DUNCAN**<br>**AMY DIANE DUNCAN**<br>**Debtor.** | **Bankruptcy No. 21-21351**<br>**Chapter 13**<br><br>**Judge William T. Thurman** |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND MOTION TO DISMISS**

Quality Auto Finance, LLC ("Quality Auto") hereby moves the Court to deny confirmation of the Debtors' Chapter 13 Plan and to dismiss the Debtors' case pursuant to 11 U.S.C. §1307(c) for bad faith and abuse of the bankruptcy procedures as serial filers. Further, Quality Auto requests this court sanction the Debtors as follows:

1. The Debtors filed this case on January 20, 2021.

2. This case, Case No. 21-20213 is the Debtors' <u>sixth</u> bankruptcy case since November 1, 2017 and <u>seventh</u> bankruptcy case overall.

3. The Debtors have a Chapter 7 bankruptcy filed on September 5, 2013 for which they received a discharge and therefore are not eligible for discharge under Chapter 7.

4. Quality Auto has been now been subjected to two bankruptcy cases filed by the Debtors

1

since April 9, 2020 and received no payments or disbursements for related to its collateral for nearly one year.

**AUTO LOANS BY DEBTORS**

5. The Debtors have obtained at least five separate loans related to automobile purchases since June of 2016 and has subjected each of Quality Auto's loans to a bankruptcy petition not less than twice and abusively placed two prior lien holders on other automobiles in as many as four separate cases since November 1, 2017.

6. Of the five prior Chapter 13 cases filed by the Debtors since November 1, 2017 only a single case was confirmed, and this sole case was dismissed less than 60 days after confirmation due to Debtors' failure to submit tax refunds as required by the confirmation order. **See Case No. 18-29501 Docket Nos. 30, 35 and 38.**

**ABUSE OF BANKRUPTCY CODE VIA SERIAL FILINGS**

**A. Case No. 20-22230**

7. On or about April 9, 2020 the Debtors filed Case No. 20-22230 as a Chapter 13 case.

8. On or about October 12, 2019, only twenty-three (23) days after dismissal of the Case No. 18-29501 (See *Infra*), the Debtors had purchased the 2010 Lincoln MKX from Quality Auto.

9. On or about November 4, 2019, within forty-six (46) days of the Debtors' dismissal in Case No. 18-29501, the Debtors had purchased the 2016 Ford F-150 from Quality Auto.

10. The petition for Case No. 20-22230 was filed one hundred and fifty-six (156) days after Case No. 18-29501 was dismissed on September 21, 2019 for failure to comply with the confirmation order and turn over tax refunds.

11. Based upon information and belief, these loans were incurred by the Debtors from Quality Auto due to repossessions by secured creditors 7 Epic Motors LLC and Ridgeline Financial of the 2010 BMW 3 and 2004 Chevrolet Suburban respectively after dismissal of Case No. 18-29201.

12. It appears each of these creditors received little to nothing over the nearly three years after the debts were incurred as Debtors repeatedly filed Chapter 13 cases which were dismissed prior to confirmation for failure to pay the nominal filing fees or payments pursuant to the proposed plans.

13. As in several of the prior cases filed by the Debtors, Case No. 20-22230 was dismissed due to the Debtors failure to make payments of the filing fee pursuant to a court order.

14. In the case however, the Debtors filed a motion to vacate the dismissal and received a court order vacating dismissal, but the case was subsequently dismissed again eight (8) days after the dismissal was vacated for the Debtors failure to pay the filing fees.

**B. Case No. 18-29501**

15. On or about December 26, 2018 the Debtors filed Case No. 18-29501 as a Chapter 13 case.

16. Case No. 18-29501 has been the only case, of the <u>six</u> Chapter 13 cases filed by the Debtors since November 1, 2017, which has been confirmed.

17. However, even in this instance the Debtors case was dismissed on September 19, 2019, less than 60 days after confirmation due to Debtors' failure to submit tax refunds as required by the confirmation order. **See Case No. 18-29501 Docket Nos. 30, 35 and 38.**

**C. Case No. 21-20213.**

18. On or about on January 20, 2021 the Debtors filed Case No. 21-20213.

19. Case No. 21-20213 was dismissed March 18, 2021 for failure to pay filing fees.

**D.     Current Case-Case No. 21-21351**

20. Rather than seek to vacate the dismissal and pay the filing fees related to case 21-20213, the Debtors, on or about April 2, 2021 the Debtors filed the instant case.

21. The Debtors' plan fails to provide adequate protection for Quality Auto in an amount sufficient given the Debtors abuse of the bankruptcy code and repeated filings.

22. The Debtors' plan fails to properly value the claim of Quality Auto.

23. The Debtor's plan failed to provide sufficient interest to Quality Auto pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

24. The Debtors are serial filers and the automatic stay is not in effect or should terminate thirty (30) days after the petition date pursuant to 11 U.S.C. §362.

25. The Debtors have filed this case in bad faith and as an abuse of the Bankruptcy Code.

## ARGUMENT

In a chapter 13 bankruptcy, § 1307 of the Bankruptcy Code provides for dismissal of a debtors' case. Involuntary dismissal of a Chapter 13 case is governed by § 1307(c), which provides in its entirety as follows:

> (c) Except as provided in subsection (e) of this section [concerning farmers], on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including —
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
> (3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;
(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
(6) material default by the debtor with respect to a term of a confirmed plan;
(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or
(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

11 U.S.C. §1307(c)

'Section 1307(c) provides a nonexhaustive list of grounds upon which a bankruptcy court may dismiss a Chapter 13 case for "cause". Bad faith is not among the itemized grounds but nonetheless constitutes cause for dismissal. See *Flygare v. Boulden*, 709 F.2d 1344 (10th Cir. 1983). However, courts have held "[l]ack of good faith exists either when a debtor files a petition without intending to perform the statutory obligations of a debtor under the Bankruptcy Code or when a debtor's conduct before or during a case constitutes an abuse of the provisions, purpose or spirit of the chapter under which relief is sought." *Gier*, supra 986 F.2d at 1329 (quoting from *In re Love*, 957 F.2d 1350 (7th Cir. 1992)).

"Chapter 13 is a means of reorganization for individuals with regular income, who can retain their property while paying creditors all disposable income and the value of their non-exempt assets over time." *In re Henson*, 289 B.R. 741, 750 (Bankr. N.D. Cal. 2003). Courts have held that alone "[m]ultiple or successive filings do not <u>necessarily</u> constitute bad faith. *Johnson v. Home State Bank*, 501 U.S. 78, 87, 111 S.Ct. 2150, 2156, 115 L.Ed.2d 66 (1991)(emphasis

5

added); See *In re Rasmussen*, 888 F.2d 703, 705 (10th Cir. 1989). See Also *In re Merrill*, 192 B.R. 245, 249 (Bankr. D. Colo. 1995) ("Past filings and dismissals are circumstantial evidence of a debtor's motivation and ability to perform obligations under the Code. A debtor's performance in prior Chapter 13 cases is probative of a debtor's ability and motivation to repay creditors.")

This case is factually similar to the *Merrill* case and as in that case, most of the *Flygare* factors are inapplicable because the only evidence of bad faith is the Debtors' history of repetitive bankruptcy filings and dismissals. In the *Merrill* case the court used and cited the District Court for the Eastern District of Pennsylvania endorsement of a nonexhaustive list of considerations for cases such as this in *Oglesby*, supra 158 B.R. at 607. The *Oglesby* factors are:

1. The length of time between prior cases and the present one;
2. Whether successive cases were filed to obtain favorable treatment afforded by the automatic stay;
3. The effort made to comply with prior case plan;
4. The fact that Congress intended the debtor to achieve its goals in a single case; and
5. Any other facts the courts find relevant relating to the debtor's purpose in making the successive filings.

*In re Merrill*, 192 B.R. 245, 249 (Bankr. D. Colo. 1995).

Review of these factors in this case warrant dismissal.

**1. THE LENGTH OF TIME BETWEEN PRIOR CASES AND THE PRESENT ONE.**

In this case the Debtors have filed seven cases since November 1, 2016 and the periods of time between case filings has varied from an overlap between two cases according to the

docketed dates,[1] to six (6) days[2] between cases to the longest of 202 days.[3] The Debtors have only confirmed a single case of the six filed in the nearly three and a half years since November 1, 2017.

**2. WHETHER SUCCESSIVE CASES WERE FILED TO OBTAIN FAVORABLE TREATMENT AFFORDED BY THE AUTOMATIC STAY.**

In this case it can easily be inferred the Debtors have filed the successive cases to obtain favorable treatment afforded by the automatic stay due to the fact they have made little to no payments to secured creditors related to any of their cases and have only confirmed one plan of the seven cases filed since November 1, 2017. The cause for dismissal has been all pre-confirmation but for the one case confirmed and cause has always been related to Debtors either inability or refusal to make payments as required, either to the Court for filing fees or for failure to tender the initial plan payment or make on going payments. But <u>always</u> the dismissals come pre-confirmation after several months of dragging the matter out forcing the trustee to act because the Debtors will not comply but utilize and dimmish collateral (automobiles) at the expense of the secured creditors.

Quality Auto asserts ample evidence exists related to the proposed Chapter 13 plan payment history of the Debtors. Quality Auto asserts the failure to pay the filing fees but paying the higher monthly payment to the Chapter 13 trustee would seem incongruent and asserts on information and belief disclosure of the Debtors' payment history would support the motion to

---

1 Case no. 17-39535 was dismissed on April 9, 2018 and case no. 18-22390 was filed on April 6, 2018.
2 Case no. 17-30208 was filed on November 27, 2017 and case no. 17-29535 was dismiss six days prior on November 21, 2017.
3 Case no. 18-29501 was dismissed on September 19, 2019 and case no. 20-22230 was filed on April 9, 2020. The length of time between these filings was to presumably to avoid the impact of 11 U.S.C. §362(c)(4)(A).

dismiss or convert. Debtors utilize the automatic stay to preclude payment to secured creditors like Quality Auto all the while driving and depreciating collateral with no intention of making payments.

**3. THE EFFORT MADE TO COMPLY WITH PRIOR CASE PLAN.**

Debtors have made arguably no effort to comply with any prior case plan. Only a single plan has been confirmed since November 1, 2017 and Debtors failed to comply with that plan by failing to turn over the tax refunds as required. This resulted in the case being dismissed less than sixty (60) days after the confirmation of the one plan was granted.

**4. THE FACT THAT CONGRESS INTENDED THE DEBTOR TO ACHIEVE ITS GOALS IN A SINGLE CASE.**

Debtors have filed seven cases since November 1, 2017. Only one has been confirmed and all the others were dismissed pre-confirmation. The Debtors have not made any effort to comply. It should be noted for Court that as of the date of this Motion the Debtors have once again failed to make the payments for filing fees as required and an order to show cause has been entered. The Debtors either do not want or do not have the ability to achieve the goals of a Chapter 13 plan and should be dismissed. The Debtors are not eligible for a Chapter 7 case and clearly are incapable of performing even tasks as basic as paying filing fees. Debtors should not be in a Chapter 13 case and the case should be dismissed.

**5. Any other facts the courts find relevant relating to the debtor's purpose in making the successive filings.**

The Debtors case should be dismissed. The prior Chapter 7 case on September 5, 2013 preclude the Debtors from filing and receiving a discharge under this title. The Debtors have repeatedly filed Chapter 13 failed to pay the Court fee or otherwise comply with the

requirements of the bankruptcy code. This is reflected in the fact that only a single case in three and half years has been confirmed and then subsequently dismissed due to the Debtors' failure to adhere to the Bankruptcy Code. These Debtors are not the "honest and unfortunate." This case must be dismissed.

## CONCLUSION

Cause exists in this case to deny confirmation of the Debtors' plan and dismiss the case. The Debtors have not filed a plan in good faith, providing for proper treatment of Quality Auto's claim and are abusing the Bankruptcy Code.

WHEREFORE, Quality Auto requests this Court deny confirmation of the Debtor's plan and dismiss the case.

DATED April 20, 2021.

      /s/ Justin W. Wayment_____
      Attorney for Quality Auto

## Mailing Certificate

I, the undersigned, hereby certify that on the 20th day of April 2021, I caused a true and correct copy of the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN to be mailed, first class, postage prepaid, to the following:

Lon Jenkins (via ECF)

Brian S. Wurtz
Beehive Advocates
10907 S. State St.
Sandy, UT 84070

William & Amy Duncan
325 N Red Stone Road, #203
Washington, UT 84780
Debtor via First Class USPS.

      /s/ Justin W. Wayment_____