Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteeemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## SOUTHERN DIVISION

IN RE:

WILLIAM RYAN DUNCAN
AMY DIANE DUNCAN

**Debtors**

**CASE: 21-21351**

**CHAPTER 13**

**Hon. WILLIAM T. THURMAN**

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The following creditor objection(s) remain unresolved: Quality Auto Finance LLC.

2. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

**Restatement of Issues from Prior Objection(s):**

1. The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2020 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

2. Schedule A/B fails to fully disclose and value the following property of the estate: Chartway Federal Credit Union financial account.

3. The Debtor(s) failed to produce at the 341 Meeting statements from their financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

4. The Debtor(s) failed to produce at the 341 Meeting evidence of current income (see Fed. R. Bankr. P. 4002(b)(2)(A)) and LR 2083-1(e)(1)2)(A).

5. William Duncan did not provide the Chapter 13 Trustee payment advices for the following pay period that falls within 60 days before the petition date, as required by 11 U.S.C. § 521(a)(1)(B)(iv); Bankr. Rule 1007(b)(1)(E); and Standing Order 12-002: 3/5/21, 3/12/21, and 3/19/21. The Debtor(s) should timely file such payment advices or provide evidence that they did not receive payment advices for the relevant date.  If this issue is not resolved "within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  See 11 U.S.C. § 521(i)(1), Bankr. Rule 1007(b)-(c), and Local Rule 5005-1(b)(2)).

6. The Trustee is unable to verify the following income listed on the Schedule I: St. George Kids Dental.

7. The Debtor(s) must amend the Statement of Financial Affairs, Interrogatory No. 4, to list income from employment or from operating a business during this year or the two previous calendar years.

8. Based on information received from the Internal Revenue Service and/or Debtor(s)' Declaration Regarding Tax Returns, Debtor(s) have not complied with §1325(a)(9) as the Debtor(s) have not filed all tax returns as required under §1308. Tax years not filed: 2020.

9. The Trustee has filed a Motion to Dismiss in this case. Pursuant to Local Rule 2083-1(g), you must file an objection to this with the bankruptcy court within 21 days after service of the motion, or the bankruptcy court clerk must enter an order dismissing the case.  Unless otherwise directed by the court, this motion will be heard at the confirmation hearing.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: June 2, 2021                                LAJ /S/
                                                   LON A. JENKINS
                                                   CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on June 02, 2021:

BRIAN WURTZ, ECF Notification

                                                   /s/ Rachel Rees